HARRY M. C. FRY, PLAINTIFF, v. AMERICAN RAILWAY EXPRESS COMPANY, A DELAWARE CORPORATION, DEFENDANT.

Submitted January term, 1928—Decided July 7, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *George M. Hillman.*

*Contra, Kelsey & Kille.*

PER CURIAM.

The plaintiff in this case was the consignee of four horses delivered to the Adams Express Company at Carney, Nebraska, for shipment to Mount Holly, in this state. When received in Mount Holly the horses were found to have suffered injuries, and for these injuries the present action was instituted, and resulted in a verdict for the plaintiff for $821.76.

The defendant has a rule for a new trial and presents as reasons for making the rule absolute that the verdict is against the weight of the evidence and that the damages are excessive.

We think the second reason is well founded. The contract of shipment between the consignor and the express company stipulates that "as a condition precedent to recovery * * * for loss or injury or damage to or delay in delivery of this shipment, such loss, injury, damage or delay shall be proved by the shipper to have been caused by negligence of the car-

rier." The shipment was an interstate one and the contract was one approved by the interstate commerce commission in conformity with an act of congress known as the Carmack amendment. As such it was binding on the parties. *Lewis v. Pennsylvania Railroad Co.,* 70 *N. J. L.* 132; *affirmed,* 71 *Id.* 339. It was therefore incumbent on the plaintiff to prove that the injuries received were due to the negligence of the defendant. An examination of the evidence discloses that as to three of the animals there was no such proof. The bruises and scratches testified to were as likely to have been the result of the movements, restless or otherwise, of the horses in the course of shipment as to causes over which the defendant had control, and for which it would be responsible.

Of the four horses, however, one was delivered with a broken leg, and the proof established that this leg was broken in the effort of the company to unload it. Instead of pursuing the usual method of passing live stock directly from the car to a platform of an unloading station, the crate in which the horse was enclosed was placed on a truck from which the crate and horse fell to the ground resulting in the breaking of the horse's leg. This was evidence from which we think the jury could infer that the damage to that particular horse arose from the negligence of the defendant.

The value of each horse in the contract of shipment was stipulated at $200, and for this amount recovery could properly be had for the horse with the broken leg.

It seems to be conceded in respondent's brief that certain expenses incidental to the board and lodging of the three horses constituted an item for which recovery could be had, and these expenses are enumerated as aggregating $96. The theory on which this concession is made is that for a time the horses were kept by the plaintiff for and on behalf of the express company and at its cost, respondent on this rule conceding that the verdict beyond the sum of $296 is the only excess.

The rule for new trial will be discharged if the plaintiff will remit the amount of the verdict in excess of $296, otherwise the rule will be made absolute.